UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA,      )
                               )
                               )
v.                             )      No.:   2:14-CR-97
                               )
TONY MAY                       )


**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence

reduction, [Doc. 29].  In the defendant's motion, the defendant requests that the Court resentence

him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and

Amendment 788 to the United States Sentencing Guidelines Manual.  The government has

responded, [Doc. 32], and the matter is ripe for review.  For the reasons that follow, the motion is

DENIED.

I.      **Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v.*

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted).  One

exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the
> Sentencing Commission . . . , the court may reduce the term of imprisonment,
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a

---

[1]     Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's

2

court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendment 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id*. § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* USSG § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II. Factual Background

The defendant pleaded guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), [Docs. 13 and 26]. The defendant was sentenced on March 16, 2015, and the 2014 Guidelines Manual was used to calculate his Guidelines range. He was held accountable for 2,500 30-mg oxycodone pills, which equates to 502 kilograms of marijuana, resulting in a base offense level of 26. The defendant received several adjustments, and with a Criminal History Category of I, his range was is range was 70 to 87 months.

The Court sentenced the defendant to 70 months' imprisonment, the bottom of the range. The defendant is presently scheduled for release on October 6, 2019.

## III. Analysis

---

substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Again, the defendant was sentenced in March 2015, and he actually received the benefit of Amendment 782 because it was already incorporated into the Sentencing Guidelines at the time of his sentencing. Thus, he has already received the full benefit. As such, the motion is DENIED.

III.     **Conclusion**

For the reasons stated herein, the defendant's motion, [Doc. 29], is DENED. All provisions of the Judgment, [Doc. 26], shall remain in effect.

ENTER:


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4